IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DARYL LOCKE | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| SUPERINTENDENT KAUFFMAN, et al. | : | NO. 15-520 |

<u>MEMORANDUM</u>

Dalzell, J.                                                                                    January 26, 2016

**I.**     **<u>Introduction</u>**

We consider here Daryl Locke's <u>pro se</u> petition for a writ of <u>habeas corpus</u> pursuant to 28 U.S.C. § 2254. We referred this matter to the Honorable Sandra Moore Wells for a report and recommendation. The report recommended that we dismiss the petition and deny <u>habeas</u> relief. Petitioner objected to several portions of the report, but, for the reasons explained below, we will overrule those objections, approve the report and recommendation, and deny <u>habeas</u> relief.

**II.**     **<u>Standard of Review</u>**

After we refer a petition filed under 28 U.S.C. § 2254 to a magistrate judge, that judge issues a report containing proposed findings of fact and recommendations for disposition of the petition. <u>See</u> Local Rule Civ. P. 72.1.I(b). We then make <u>de novo</u> determinations of those portions of the report or proposed specified findings to which a party objects. Local Rule Civ. P. 72.1.IV(b); 28 U.S.C. § 636(b)(1)(C). We may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. § 636(b)(1)(C).

As petitioner did not object to the report's recitation of the procedural history of his case, we rely upon Judge Wells's summary of petitioner's trial, appeal, and post-conviction proceedings.

### III. Procedural History and Factual Background

On August 22, 2005, petitioner Daryl Locke was sentenced to concurrent terms of incarceration of seven to fourteen years for rape and involuntary deviate sexual intercourse, and a consecutive sentence of incarceration of four and one half to nine years for aggravated indecent assault. Report & Recommendation ("Rep.") at 2 (citing Commonwealth v. Locke, No. 190 EDA 2006, slip op. at 1-4 (Pa. Super. Ct. Dec. 18, 2007) ("2007 Super. Ct. Op.")).[1]

On December 18, 2007, the Pennsylvania Superior Court affirmed petitioner's judgment of sentence, and petitioner did not seek allowance of appeal, or allocatur, in the Pennsylvania Supreme Court. Rep. at 3 (citing Commonwealth v. Locke, No. 20 EDA 2013, slip op. at 4 (Pa. Super. Ct. Oct. 14, 2014) ("2014 Super. Ct. Op.")). On October 27, 2009, petitioner filed a pro se petition under Pennsylvania's Post Conviction Relief Act ("PCRA"), 42 Pa. Cons. Stat. Ann. §§ 9541-46. Id. Petitioner was appointed two separate attorneys, both of whom withdrew at his request and with the court's approval, and, after a hearing, he was allowed to continue pro se and he filed several amended PCRA petitions. Id. After giving petitioner proper notice under Pa. R.

---

[1] Over several years, petitioner repeatedly sexually abused his live-in girlfriend's two children. 2007 Super. Ct. Op. at 1-2. After petitioner moved out of the home, the children reported the abuse to a relative, who told their mother. Id. at 2. Petitioner had threatened to kill the victim's mother if they told anyone about the abuse. Id. Several months later, their mother took them to the hospital and reported the abuse. Id.

Prior to trial, the Commonwealth moved for the admission into evidence of alleged prior bad acts based on testimony from J.H. who claimed that petitioner raped her repeatedly in 1995, when she was ten years old. Id. The abuse occurred in a manner consistent with the victims' abuse, and the trial court ruled the evidence could be presented on rebuttal. Id.

On cross-examination, defense counsel tried to undermine the victims' credibility by advancing a defense theory that their mother had manipulated them into making the allegations for pecuniary gain. Id. at 3. In light of the cross-examination, and citing fairness as a reason, the trial court ruled that the Commonwealth could present the prior bad acts evidence as part of its case-in-chief. Id. The trial court gave a cautionary instruction, to which petitioner did not object. Id. The jury eventually found petitioner guilty of rape, involuntary deviate sexual intercourse, aggravated indecent assault, indecent assault, and endangering the welfare of a child. Id. at 1, 3-4.

Crim. P. 907, the PCRA Court dismissed his PCRA petition on October 12, 2012, and the Pennsylvania Superior Court affirmed the PCRA Court's decision to dismiss on October 14, 2014. Id.

On February 3, 2015, petitioner filed this habeas petition with an accompanying brief, raising five claims: (1) the trial court erred by allowing the admission of prior bad acts evidence, (2) the trial court failed to properly apply Pa. R. Crim. P. 600, violating his rights to due process and equal protection, (3) the trial court lacked in personam jurisdiction over him because of state law defects in the "accusatory process" and charging documents, (4) prosecutorial misconduct during closing arguments, and (5) the use of prior bad acts evidence violated his due process rights. Pet. at 8, 10, 12, 13-14; Pet. Br. at 41-45. On February 26, 2015 we referred this matter to Magistrate Judge Wells for a report and recommendation, and Judge Wells issued her report on August 27, 2015. Petitioner filed timely objections to the report after we granted him an extension.

**IV.    Discussion**

Habeas relief is only available for violations of the Constitution, laws, or treaties of the United States. 28 U.S.C. § 2254(a). Violations of state law, including evidentiary rulings, cannot be the basis for granting habeas relief. Estelle v. McGuire, 502 U.S. 62, 67-68 (1991) (reemphasizing that "it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions…a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States.").

A petitioner must exhaust his state court remedies before obtaining habeas relief. 28 U.S.C. § 2254(b)(1)(A). In Pennsylvania, an inmate exhausts his state court remedies by fairly presenting his claims to the trial court and then the Pennsylvania Superior Court, although he

need not seek allocatur from the Pennsylvania Supreme Court. Lambert v. Blackwell, 387 F.3d 210, 233-34 (3d Cir. 2004) (examining the effect of the Pennsylvania Supreme Court's May 9, 2009 Order regarding appeals from criminal convictions and post-conviction relief matters).

If a petitioner fairly presented his claim to the state court, but the state court declined to review the claim on its merits because of a failure to comply with a state procedural rule, then the claim is procedurally defaulted. Harris v. Reed, 489 U.S. 255, 262-63 (1989). If a lower state court has declined to review a claim based on a procedural default, and the claim is not later addressed on the merits by a higher state court, then a federal habeas court must presume that the higher state court's decision rested on the procedural default identified by the lower state court. Ylst v. Nunnemaker, 501 U.S. 797, 803 (1991) (explaining also that if a lower state court comes to a reasoned judgment rejecting a federal claim and a higher court upholds that judgment without explanation, then the habeas court must assume that the higher court rested upon the same grounds as the lower state court). If a petitioner fails to exhaust a claim and it is clear that the state court did not consider the claim because of a state procedural rule, then the claim is procedurally defaulted. Coleman v. Thompson, 501 U.S. 722, 735 n.1 (1991). For example, a state court might not review a claim that had not been previously presented because of a state rule establishing a statute of limitations for state collateral review of a conviction. See, e.g., Keller v. Larkin, 251 F.3d 408, 415 (3d Cir. 2001) (citing 42 Pa. C.S. § 9545(b)(1), Pennsylvania's statute of limitations for filing PCRA petitions).

Procedurally defaulted claims cannot be reviewed unless the petitioner can demonstrate a requisite cause for the default and that actual prejudice exists as a result of the alleged violation of federal law, or that failure to consider the claims will result in a fundamental miscarriage of justice. Coleman, 501 U.S. at 750. To demonstrate the requisite cause for default, a petitioner

must show that some objective factor external to the defense impeded his efforts to comply with the state's procedural rules. Id. at 753. Such cause may include showing that (1) the factual or legal basis for a claim was not reasonably available, (2) some interference by state officials made compliance with the state procedural rules impracticable, or (3) there was ineffective assistance of counsel from attorney error. Id.

The "fundamental miscarriage of justice" exception is limited to cases of actual innocence. Schlup v. Delo, 513 U.S. 298, 321-22 (1995). To demonstrate actual innocence, a petitioner must present new, reliable evidence of his innocence that was not presented at trial. Id. at 324. A petitioner must then show that it is more likely than not that no reasonable juror would have convicted him in light of the new evidence before a habeas court can review his defaulted claim. Id. at 327.

If a petitioner has presented a claim to the state court, and the state court adjudicated that claim on its merits, then a federal habeas court cannot grant relief unless the adjudication of the claim resulted in a decision that is (1) contrary to, or involved an unreasonable applicable of, clearly established federal law, as determined by the Supreme Court of the United States, or (2) was based on an unreasonable determination of the facts in light of the evidence presented at the state court proceeding. 28 U.S.C. § 2254(d).  A state court's factual findings are presumed correct, and the petitioner bears the burden of rebutting that presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

A decision adjudicated on the merits in a state court that is based on a factual determination will not be overturned on factual grounds unless deemed to be objectively unreasonable in light of the evidence presented in the state court proceeding. Miller-El v. Cockrell, 537 U.S. 322, 340 (2003). By way of example, an unreasonable factual determination

occurs where a state court erroneously finds facts that lack any support in the record. Wiggins v. Smith, 539 U.S. 510, 528 (2003).

Petitioner objected to all of the report's key legal conclusions -- namely, that claims one, two and three are non-cognizable, that claims four (c), (d), (e) and five are procedurally defaulted, and claims four (a) and (b) are meritless. See Rep. at 4, 5, 13-14; Obj. passim. We now consider those objections.

### A.  Claim One: Alleged State Court Error Applying State Evidentiary Law

In claim one petitioner alleges that the trial court erred by admitting into evidence his alleged prior bad acts -- namely, the sexual abuse of J.H. when she was a minor. Pet. at 8. The report found that this claim was non-cognizable because federal habeas courts may not reexamine whether a state court erroneously applied its own evidentiary law and therefore cannot grant habeas relief based upon such a non-cognizable claim. Rep. at 4. Petitioner objected, arguing that the admission of this prior bad acts evidence rose to the level of a due process violation and is therefore cognizable. Obj. at 2-3.

There is no federal habeas relief for state law errors, and it is not the province of federal courts to reexamine state court determinations on state law questions. Estelle, 502 U.S. at 67-68. Thus, to be cognizable in a federal habeas petition, the admission of the prior bad acts must have violated petitioner's federal constitutional rights. Id. at 68. Petitioner makes this claim in claim five of his petition, and we will consider it below. But claim one only asserts state law errors and, as the report pointed out, petitioner's argument rests upon his demonstrating that the trial court erroneously applied state evidentiary law. Rep. at 4.

After reviewing petitioner's objection to the report's finding that claim one is non-cognizable, we find after de novo review that his objection should be overruled. We will approve and adopt the portion of the report finding that claim one is non-cognizable.

### B. Claim Two: Alleged State Court Error Applying State Speedy Trial Rules

In claim two, petitioner alleges that the trial court failed to properly apply Pa. R. Crim. P. 600, Pennsylvania's speedy trial rule. Pet. at 16. The report found that this claim was non-cognizable because it relies upon a finding of the state court's failure to properly apply state law. Rep. at 5. Petitioner objects, arguing that the violation of Pennsylvania's speedy trial rule violates his federal constitutional rights to substantive and procedural due process. Obj. at 4. Petitioner's specific claim is that the state court erred in denying his speedy trial motion after the prosecutor and defense counsel agreed that he had 195 days of non-excludable pretrial incarceration. Pet. at 16.

Again, non-constitutional harm to a defendant flowing from a state's violation of its own procedural rules is simply not cognizable in federal habeas, even if the state procedural rule is intended as a guide to implement a federal constitutional guarantee. Wells v. Petsock, 941 F.2d 253, 256 (3d Cir. 1991). Pa. R. Crim. P. 600(B)(1) prohibits a defendant from being held in pretrial incarceration in excess of 180 days after a complaint is filed, except in cases in which the defendant is not entitled to release on bail, and Pa. R. Crim. P. 600(C) explains what delays are considered excludable time. But this 180-day rule "does not define the contours of the federal constitutional right to a speedy trial." Wells, 941 F.2d at 256. Instead, courts consider a four factor fluid balancing test to determine whether a trial delay infringes upon a defendant's rights under the Sixth Amendment: the length of delay, the validity of the reasons for the delay,

whether the defendant affirmatively asserted his speedy trial right, and whether the defendant was prejudiced by the delay. Id. (citing Barker v. Wingo, 407 U.S. 514, 530-32 (1972)).

Even if the state court misapplied Pennsylvania's speedy trial rule, that is not a per se violation of petitioner's Sixth Amendment right to a speedy trial, and petitioner has failed to demonstrate that the delay infringed on his Sixth Amendment right under Baker: (1) the delay was minimal, (2) the state court reasoned that the seriousness of his alleged offense justified the delay and his detention, and (3) even though his defense attorney affirmatively asserted his speedy trial rights, and (4) petitioner was not prejudiced by the delay.

The alleged harm flowing from the purported violation of Pa. R. Crim. P. 600 was non-constitutional harm, and therefore claim two is non-cognizable in federal habeas. We will therefore overrule this objection and approve and adopt the portion of the report finding that claim two is non-cognizable.

      **C.**    **Claim Three: Alleged Lack Of State Court Jurisdiction And Error In State Court Charging Documents**

In claim three petitioner alleges that the trial court lacked in personam jurisdiction over him because of state law defects in the accusatory process and in his charging documents. Pet. at 12. The report found this claim to be non-cognizable because it again founded the alleged violations on state law. Rep. at 5. Petitioner objects. Obj. at 6.

But petitioner's objection raises no new legal or substantive arguments regarding his allegation that the state court lacked in personam jurisdiction over him and instead restates his prior arguments from the Petition and Traverse. Petitioner's arguments remain unavailing for two reasons. First, alleged violations of state law requirements for his charging documents are non-cognizable in federal habeas. Estelle, 502 U.S. at 67-68. Second, the Pennsylvania Superior

Court has already concluded that these arguments lack merit, and that determination was not unreasonable in light of the evidence presented or was an unreasonable application of Supreme Court precedent. See 28 U.S.C. §§ 2254(d)(1), (2).

The Pennsylvania Superior Court considered petitioner's arguments that the trial court lacked in personam jurisdiction and his charging documents lacked a signature and seal. 2007 Super. Ct. Op. at 5. First, the Pennsylvania Superior Court found that the argument that the Commonwealth did not have jurisdiction over petitioner because he was not indicted by a grand jury was "simply wrong." Id. (citing Commonwealth v. Mayberry, 327 A.2d 86, 92-93 (Pa. 1974) for the proposition that neither the U.S. Constitution nor the Pennsylvania Constitution requires a grand jury indictment or presentment). Second, that Court found that since the criminal complaint was signed by the detective who submitted the complaint and the issuing authority, petitioner's claim that the document was defective was meritless. Id.

These rulings are not unreasonable within the meaning of 28 U.S.C. §§ 2254(d)(1), (2). The Fifth Amendment right to an indictment does not apply to the states. Hurtado v. California, 110 U.S. 516, 534-35 (1884); McDonald v. City of Chicago, 561 U.S. 742, 765 n.13 (2010) (explaining that the Fifth Amendment's grand jury indictment requirement has not been fully incorporated). The Pennsylvania Superior Court's determination that petitioner was wrong on this point is the only logical application governing Supreme Court precedent. Further, the Pennsylvania Superior Court's ruling that the charging documents complied with state law because they were properly signed by the detective and the issuing authority is not unreasonable: there is no evidence that those documents were not so signed, and we defer to the factual determination that they were. See 28 U.S.C. § 2254(e)(1).

9

We will therefore overrule this objection to the report's finding that claim three is non-cognizable and approve and adopt the report's finding with respect to claim three.

### D. Claim Four: Alleged Prosecutorial Misconduct

In claim four petitioner alleges that the prosecutor committed misconduct during closing arguments by (a) vouching for the credibility of the Commonwealth's witnesses, (b) characterizing petitioner as a pedophile and experienced sexual assaulter of children, (c) repeatedly arguing that the prior bad acts alleged were established and germane to the trial, (d) appealing to the jury's sympathies, and (e) making improper remarks about the demeanor of petitioner and the Commonwealth's witnesses. Pet. at 13-14. The report concluded that claims (a) and (b) were procedurally defaulted and meritless, and that claims (c), (d), and (e) were procedurally defaulted and unexhausted. Rep. at 9. Petitioner objects, arguing that claims (a) and (b) have merit, and that claims (c), (d), and (e) should be reviewed because failure to do so would deprive him of fundamental rights. Obj. at 11-12, 14, 16.

#### 1. Claims Four (a) And (b): Vouching For The Witnesses' Credibility And Characterizing Petitioner As An Experienced Pedophile

In claims four (a) and (b) petitioner alleges prosecutorial misconduct for the Commonwealth's vouching for the credibility of its witnesses and characterizing petitioner as an experienced sexual assaulter of children. Pet. at 13. Petitioner did not raise claim (a) regarding vouching on direct appeal. 2007 Super. Ct. Op. at 4 (omitting any mention of vouching for witnesses but including petitioner's objection to the prosecutor's comment "that children cannot be consistent with a fabricated story"). Since petitioner failed to raise his vouching objection on appeal, that claim is waived, and because it cannot now be raised in a new PCRA petition, it is procedurally defaulted and unexhausted. See 42 Pa. C.S. § 9543(a)(3); Coleman, 501 U.S. at 735

10

n.1. Petitioner raised claim (b) regarding the characterization of him on direct appeal, but the Pennsylvania Superior Court found the claim waived for failure to comply with appellate procedure. 2007 Super. Ct. Op. at 5-6.

Notwithstanding those waivers, the PCRA Court considered these claims on their merits. The Court held that claim (a) lacked merit because the prosecutor's remarks constituted a fair response to defense counsel's argument that the victims' mother helped them fabricate their allegations. Commonwealth v. Locke, No. 20 EDA 2013, CP-51-CR-0801831-2003, CP-51-CR 0801841, slip op. at 12-13 (Phila. Cnty. Dec. 26, 2013) ("PCRA Ct. Op."). The PCRA Court also held that claim (b) lacked merit because there was an evidentiary basis to characterize petitioner as a pedophile and experienced sexual assaulter of children. Id. at 14-15. On appeal from the PCRA Court's denial of relief on the basis of those two claims, petitioner alleged that his direct appeal counsel was ineffective for inadequately developing his arguments on those two claims. 2014 Super. Ct. Op. at 7. Nonetheless, the Pennsylvania Superior Court affirmed the PCRA Court's opinion. Id. at 8-9. Since we must presume that the Pennsylvania Superior Court affirmed the PCRA Court's opinion rejecting those claims on their merits, we will excuse the procedural defaults and instead review those claims on their merits. See, e.g., Ylst, 501 U.S. at 803.

Since the state court adjudicated these claims on the merits, we cannot grant relief unless the adjudication resulted in a decision that (1) is contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court, or (2) was based on an unreasonable determination of the facts in light of all the evidence presented at the state court proceeding. 28 U.S.C. § 2254(d). The state court's factual findings are presumed

correct, and the petitioner bears the burden of rebutting that presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

We consider the law on prosecutorial misconduct in closing arguments. As the reviewing court, we determine whether the challenged remarks "so infected the trial with unfairness as to make the resulting conviction a denial of due process." Donnelly v. DeChristoforo, 416 U.S. 637, 643 (1974). We focus not on the prosecutor's culpability, but rather on the fairness of the trial. Smith v. Phillips, 455 U.S. 209, 219 (1982). Merely undesirable or even universally condemned remarks alone do not suffice to demonstrate a denial of due process. Darden v. Wainwright, 477 U.S. 168, 181 (1986). Further, we review such remarks in context, especially when they are made in response to defense counsel's arguments. United States v. Robinson, 485 U.S. 25, 33 (1988). We also consider whether the prosecutor misstated or manipulated evidence or implicated the accused's rights to counsel or to remain silent and also any trial court instructions to the jury. Darden, 477 U.S. at 182. Jurors are presumed to have followed the trial court's instructions. Greer v. Miller, 483 U.S. 756, 766 n.8 (1987).

With respect to claim four (a), the PCRA Court found that the prosecutor's remarks regarding the victims' credibility were proper because defense counsel attacked the victims' credibility during his closing argument, and the prosecutor's comments fairly responded to that attack by using evidence presented at trial. PCRA Ct. Op. at 12-13. The PCRA Court's decision is not contrary to, or an unreasonable application of, clearly-established Supreme Court precedent regarding prosecutorial misconduct. Defense counsel argued in closing that the victims were lying and that their mother helped them fabricate the allegations for her own profit. Id. at 13 (citing N.T. 10/22/04 at 14-16, 21). The prosecutor responded by pointing out that the victims were unlikely to falsify these allegations given the humiliation and shame of the subsequent

medical examinations and of their having to testify publicly about the abuse. Id. at 12 (citing N.T. 10/22/04 at 51-52). The PCRA Court's determination that there was no prosecutorial misconduct was a reasonable application of Supreme Court precedent regarding the appropriate context in which to consider a prosecutor's closing remarks.

With respect to claim four (b), the PCRA Court found that the prosecutor's remarks referring to petitioner as a pedophile and experienced sexual assaulter of children were permissible because there was a basis for such characterizations in the trial record. Id. at 14. The PCRA Court observed that there was ample evidence presented at trial that petitioner had sexually assaulted and raped multiple children from different families over several years. Id. at 14-15. Given the evidence presented at trial from the two victims, as well as testimony from J.H. that petitioner repeatedly assaulted her when she was ten years old, the PCRA Court's determination that these remarks were not improper is not an unreasonable application of Supreme Court precedent. The prosecutor did not misstate or manipulate evidence when he characterized petitioner as a pedophile with experience sexually assaulting children. Three different witnesses testified to such abuse, and all three witnesses testified that petitioner abused them in a similar manner under similar circumstances.

Since the prosecutor's comments were, in context, either appropriate responses to defense counsel's arguments or fair characterizations of the evidence presented at trial, claims four (a) and (b) lack merit. We will therefore overrule petitioner's objections to the contrary and approve and adopt the report's findings to that effect.

### 2. Claims Four (c), (d), And (e): Alleged Reference To Prior Bad Acts, Appealing To The Jury's Sympathies, And Comments On Petitioner's Demeanor

In claims four (c), (d), and (e) petitioner alleges prosecutorial misconduct based on using his alleged prior bad acts, appealing to the jury's sympathies, and commenting on his demeanor. Petitioner raised these claims on direct appeal. See 2007 Super. Ct. Op. at 4 (listing petitioner's challenges to the Commonwealth's comments during trial -- including reference to his alleged prior bad acts, appealing to the jury's sympathies in light of DHS's failures, and commenting on his demeanor). The Pennsylvania Superior Court found these challenges waived for failure to comply with Pa. R. App. P. 2117 and 2119. See id. at 5-6 (explaining that petitioner failed to (1) indicate where in the record those comments appeared, (2) state whether objections were lodged, (3) provide relevant authority in support of his contentions, or (4) explain how those comments prejudiced him). The PCRA Court found that since defense counsel objected to these comments during trial, and appellate counsel raised these comments on appeal, petitioner's claims of ineffective assistance of counsel regarding those comments were waived. PCRA Ct. Op. at 8 (citing 42 Pa. C.S. § 9543(a)(3), explaining that eligibility for post-conviction relief requires pleading and proving by a preponderance of the evidence that the allegations of error have not been previously litigated or waived). The Pennsylvania Superior Court affirmed the PCRA Court's opinion. 2014 Super. Ct. Op. at 8-9. Petitioner also failed to pursue ineffective assistance of counsel claims with respect to his attorneys' conduct in that regard during his PCRA appeal. Id. at 8.

Since the Pennsylvania Superior Court expressly relied upon state court appellate rules when finding these claims were waived, that finding constitutes a procedural default barring federal habeas review. See Harris, 489 U.S. at 262-63. Petitioner failed to pursue ineffective

assistance of counsel claims with respect to four (c) and (d), and so those claims are unexhausted and cannot constitute cause to excuse procedural default. See Lambert, 387 F.3d at 233-34; Edwards v. Carpenter, 529 U.S. 446, 451-52 (2000).

Petitioner objects that failing to review these unexhausted and procedurally defaulted claims would deny him his fundamental rights. Obj. at 11. Petitioner does not explain how or why that is the case, although he claims that he is actually innocent. Traverse at 33-34. But petitioner does not provide any new, reliable evidence of his factual innocence, and so we cannot overlook his procedural default and failure to exhaust on the basis of that bare claim. Schlup, 513 U.S. at 321-22.

We will therefore overrule petitioner's objections to the report's finding that claims four (c), (d), and (e) are procedurally defaulted and unexhausted and approve and adopt the report's finding to that effect.

      **E.**    **Claim Five: Alleged Due Process Violation For Admitting Alleged Prior Bad Acts Into Evidence**

In claim five petitioner alleges that the admission of prior bad acts evidence violated his due process rights. Pet. Br. at 41-45. The report found this claim to be procedurally defaulted. Rep. at 9-10. Petitioner objects, arguing that he is caught in a Catch-22 with respect to this claim. Obj. at 18. The Pennsylvania Superior Court found "that to the extent [petitioner] challenges the introduction of the prior bad acts into evidence, his arguments were raised or could have been raised on direct appeal and thus are not cognizable under the PCRA." 2014 Super. Ct. Op. at 9. To be eligible for relief under the PCRA, a petitioner must prove by the preponderance of the evidence, inter alia, that the allegation of error has not been previously litigated or waived. 42 Pa. C.S. § 9543(a)(3).

As explained in our discussion of claim one, petitioner did raise a claim on direct appeal that the trial court erred by admitting the prior bad acts evidence, but this claim was grounded in an alleged misapplication of state law. To be cognizable in a federal <u>habeas</u> petition, the admission of the prior bad acts evidence against petitioner must have violated his federal constitutional rights.   But petitioner did not plead any violations of federal constitutional rights in his direct appeal, and instead focused exclusively on state law. Petitioner's failure to draw attention to the federal dimensions of this claim shows that it was not fairly presented to the state court. <u>See</u> <u>Baldwin v. Reese</u>, 541 U.S. 27, 32 (2004) (explaining that a state prisoner does not "fairly present" a federal claim to a state court if his petition or brief does not alert the state court to the presence of a federal claim and the state court would have to read beyond such a document to learn of the federal claim). State courts cannot correct alleged violations of prisoners' federal rights if they are not alerted to the fact that prisoners are asserting claims under the U.S. Constitution.  If a state prisoner wishes to claim that an evidentiary ruling at a state court trial denied him due process under the Constitution, he must say so not only in federal court, but first in the state court. <u>Duncan v. Henry</u>, 513 U.S. 364, 366 (1995); <u>accord</u> <u>Anderson v. Harless</u>, 459 U.S. 4, 6-7 (1982).

Petitioner has litigated the issue of whether admitting his alleged prior bad acts violated state evidentiary law, and he lost that battle in state court. We have explained why we cannot review a state court's ruling on the application of its rules of evidence. Petitioner is now trying to relitigate the prior bad acts issue -- but under the theory that the admission of such evidence violated his due process rights under the U.S. Constitution. This is the first time petitioner has made that claim, and, because he failed to raise this federal claim in state court, he did not fairly present it to the state court, and we cannot now review this procedurally defaulted claim.

Petitioner seeks to excuse his procedural default by claiming that he is actually innocent. Traverse at 33-34. The report found this assertion unavailing because it was unaccompanied by any new, reliable evidence of factual innocence, precluding review of procedurally defaulted claim five. Rep. at 10. Petitioner objects and "emphatically proclaim[s] his innocence" regarding the charged offenses and the alleged prior bad acts. Obj. at 20. Petitioner admits that he has not presented any new factual evidence of his innocence, but claims that it is not his fault that he cannot. Id. Instead, he draws our attention to the existing record. But we can only consider new, reliable evidence. Schlup, 513 U.S. at 321-22.

Claim five is procedurally defaulted and petitioner has no legally cognizable excuse for his default. We will therefore overrule petitioner's objections and approve and adopt the portion of the report finding claim five to be procedurally defaulted.

### V.     Conclusion

Petitioner's objections to the report and recommendation are meritless. Claims one, two and three are non-cognizable in federal habeas. Claims four (a) and (b) are both procedurally defaulted and substantively meritless. Claims four (c), (d), and (e) are procedurally defaulted and unexhausted, and we cannot overlook those procedural bars to reach the merits. Claim five is procedurally defaulted and petitioner presents no legally cognizable excuse for that default.

Based on our de novo determinations, we will overrule petitioner's objections and adopt and approve the report and recommendation. As reasonable jurists would not debate these procedural or substantive dispositions of petitioner's claims, no certificate of appealability will issue for any claim. See Slack v. McDaniel, 529 U.S. 473, 484 (2000). An appropriate Order follows.


BY THE COURT:

<u>/s/ Stewart Dalzell, J.</u>
Stewart Dalzell, J.